

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KAREN WASHINGTON,

      Plaintiff,

v.

HECTOR HERNANDEZ and
CITY OF DETROIT HOUSING
COMMISSION,

      Defendants.

Case No. 05-72239

District Judge
Arthur J. Tarnow

**FILED**

**NOV 1 8 2005**

**CLERK'S OFFICE**
**U. S. DISTRICT COURT**
**EASTERN MICHIGAN**

---

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's motion for temporary restraining order, which was filed on
November 16, 2005. The Court heard oral argument on the motion on November 18, 2005. For
the reasons stated on the record at the motion hearing, the Court finds that it clearly appears from
specific facts shown in Plaintiff's pleadings, including affidavits, that immediate and irreparable
injury, loss, and damage will result if the temporary restraining order is not issued. Specifically,
Plaintiff faces eviction from her home, without opportunity to find another, if she is not
reinstated to Defendant's housing assistance program immediately.

In addition, injunctive relief is warranted because there is a strong likelihood that Plaintiff
will succeed on the merits of her claim that Defendant violated either the federal Housing Act or
Plaintiff's constitutional rights to due process, or both, by terminating her eligibility for housing
assistance in the manner alleged. Therefore, the Court HEREBY ORDERS AS FOLLOWS:

Washington v. Detroit Housing Commission, et al.
05-72239

IT IS HEREBY ORDERED that Plaintiff's motion for temporary restraining order is GRANTED IN PART.

IT IS FURTHER ORDERED that Defendant, City of Detroit Housing Commission, shall reinstate Plaintiff's eligibility for housing assistance benefits immediately and shall immediately make payment of that amount on Plaintiff's behalf to Plaintiff's landlord.

IT IS FURTHER ORDERED that Defendant shall remove all barriers to such immediate reinstatement of Plaintiff's housing assistance benefits, including but not limited to, performance of all inspections and other requirements necessary for the immediate reinstatement of rent payments on Plaintiff's behalf and shall complete all such inspections and requirements forthwith. In any event, the failure of such inspections or requirements shall not be a bar to the enforcement of the terms of this order.

IT IS FURTHER ORDERED that under the terms of this order, Defendant, City of Detroit Housing Commission, is required to immediately make payment of the amount of Plaintiff's housing assistance benefits on a going forward basis as needed to assist Plaintiff in staying in her current residence or to make such payment on behalf of Plaintiff so that she may find suitable housing under Defendant, City of Detroit Housing Commission's Section 8 Administrative Plan.

SO ORDERED.

**NOV 1 8 2005**

Arthur J. Tarnow
United States District Judge

2